**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **BHAVESH J. SHAH,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:21-cv-01170** |
| | § | |
| **BANK OF AMERICA, N.A., AS** | § | |
| **SUCCESSOR BY MERGER TO BAC** | § | |
| **HOME LOANS SERVICING, LP,** | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Bank of America, N.A., pursuant to 28 U.S.C. § 1332, removes the above-captioned civil action currently pending in the 224th Judicial District Court of Bexar County, Texas, Cause No. 2021CI22812 (the "State Court Action"), to the United States District Court for the Western District of Texas, San Antonio Division.

## I.      STATEMENT OF THE CASE

1.      On October 29, 2021, Plaintiff Bhavesh J. Shah ("Plaintiff") filed his *Plaintiff's Suit to Quiet Title, Request for Declaratory Judgment, Application for Temporary Restraining Order and Temporary Injunction* (the "Complaint") in the State Court Action.[1] Plaintiff files suit to quiet title and for a declaratory judgment.  Plaintiff seeks injunctive relief, to quiet title, and attorney's fees and costs. Plaintiff seeks monetary relief of $100,000 or less and non-monetary relief.[2]

---

[1] A copy of Plaintiff's Complaint is attached as **Exhibit 2**.
[2] **Exhibit 2**, p. 1, Relief Sought.

## II.   VENUE

2.      Venue for this Notice of Removal is proper in the United States District Court for the Western District of Texas, San Antonio Division, because this district and division includes Bexar County, Texas – the location of the pending State Court Action.[3]

## III.   BASIS FOR REMOVAL: DIVERSITY JURISDICTION

### A.  The Parties are Citizens of Different States.

3.      There is complete diversity of citizenship between Plaintiff and Defendant.[4] Here, Plaintiff is a citizen of Bexar County, Texas because he is domiciled there.[5]

4.      Defendant Bank of America, N.A. is a national banking association organized under the laws of the United States. It is a citizen of North Carolina because its articles of association establish that location as its main office. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 126 S. Ct. 941, 945 (U.S. 2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."). Therefore, Defendant is a citizen of the State of North Carolina for diversity purposes.

5.      Because Plaintiff is a citizen of Texas and Defendant is a citizen of North Carolina, complete diversity exists.

### B.  The Amount in Controversy Exceeds $75,000.

6.      In order to establish diversity jurisdiction, the amount in controversy must exceed $75,000.[6] Plaintiff's request for injunctive relief exceeds this jurisdictional threshold.

7.      "In actions seeking declaratory or injunctive relief the amount in controversy is

---

[3] *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(d)(4).
[4] 28 U.S.C. § 1332(a); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (diversity jurisdiction requires that no plaintiff is from the same state as any defendant); *Strawbridge v. Curtiss*, 7 U.S. 267, 2 L. Ed. 435 (1806).
[5] **Exhibits 2**; *Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007).
[6] 28 U.S.C. § 1332(a).

measured by the value of the object of the litigation." *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir. 1983).   In other words, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1252-53 (5th Cir. 1998).   Plaintiff requests injunctive relief to prevent the foreclosure sale of the subject property.[7]

8.      Because Plaintiff sues to determine title to real property, the subject property's value also controls the amount in controversy. *Id.*; *see also Govea v. JPMorgan Chase Bank, N.A.,* No. 10-cv-3482, 2010 WL 5140064 (S.D. Tex. Dec. 10, 2010); *Griffin v. HSBC Bank USA,* No. 10-cv-728-L, 2010 WL 4781297, *3 (N.D. Tex. Nov. 24, 2010); *Berry v. Chase Home Fin., LLC,* 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27, 2009); *Azzam v. Wells Fargo Bank,* N.A., No. 10-cv-4616, 2011 WL 149350 (S.D. Tex. Jan. 18, 2011).   According to the Bexar County Appraisal District, the current fair market value of the subject property is $165,920.00.   Accordingly, the amount in controversy exceeds $75,000 as the value of the subject property exceeds $75,000.

9.      In addition, "'[w]hen ... a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'"   *Nationstar Mortgage, LLC v. Knox,* No. 08-60887, 351 F. App. 844, 848 (5th Cir. Aug. 25, 2009) (quoting *Waller v. Prof! Ins. Corp.,* 296 F.2d 545, 547-48 (5th Cir. 1961)).   In *Nationstar Mortgage,* the court rejected the plaintiffs' argument that the amount-in-controversy-requirement was not satisfied. *Id.* at 848.   The plaintiffs had executed a note, secured by a deed of trust, for the purchase of their property.   *Id.* at 846.   After defaulting, Nationstar set the property for foreclosure sale. *Id.*   The plaintiffs filed suit seeking "rescission of the mortgage and a permanent injunction to preclude Nationstar's foreclosing on their property." *Id.* at 847.   The court held that the value of the property governed the amount in

---

[7] *See* Exhibit 2, Prayer.

controversy due to plaintiffs' request for "cancellation and removal of clouds from title" as well as for "a preliminary and permanent injunction against Nationstar to prohibit it from proceeding with foreclosure." *Id.* at 848. In such cases, the court held, "the value of the property controls the amount in controversy." *Id.* at 848 (quoting *Waller v. Prof. Ins. Corp.,* 296 F.2d 545, 547-48 (5th Cir. 1961)).

10.     Based upon Plaintiff's request for injunctive relief, and in light of the value of the subject property, the amount in controversy exceeds $75,000

## IV.     PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

11.     Plaintiff has not demanded a jury trial in his Complaint.

12.     Defendant was been served with citation in this matter on November 10, 2021. Removal of this action is timely under 28 U.S.C. § 1446(b) because thirty (30) days have not expired since any service has occurred on Defendant.

13.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served in the State Court Action, are attached hereto.

14.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant is providing Plaintiff with written notice of removal; and a copy of this Notice of Removal is being filed with the Clerk of the 224th Judicial District Court of Bexar County, Texas.

## V.     CONCLUSION

The Court may exercise original jurisdiction over this action because complete diversity exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000.

Respectfully submitted,

/s/ *Brenda A. Hard-Wilson*
**Brenda A. Hard-Wilson**
State Bar No. 24059893
McGuireWoods LLP
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
Telephone: (214) 932-6400
Facsimile: (214) 932-6499
bhard-wilson@mcguirewoods.com

**ATTORNEY FOR DEFENDANT**
**BANK OF AMERICA, N.A.**

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2021, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, and/or mailed and/or electronically delivered to the following:

Justin A. Coquat
The Coguat Law Firm, P.C.
4210 Havenrock
San Antonio, Texas 78259
justin@couatlawfirm.com
*Attorney for Plaintiff*

/s/ *Brenda A. Hard-Wilson*
Brenda A. Hard-Wilson