### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

**BHAVESH J. SHAH,**

   *Plaintiff*,

**v.**                                              **Case No.  SA-21-CV-01170-JKP**

**BANK OF AMERICA, N.A. AS SUC-
CESSORS BY MERGER TO BAC
HOME LOANS SERVICING, LP,**

   *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Bank of America, N.A.'s (BANA) Motion to Dismiss for Failure to State a Claim. *ECF No. 4*. Plaintiff Bhavesh Shah did not respond. Upon consideration, the Court concludes BANA's Motion shall GRANTED.

### Undisputed Factual Background

This suit involves real property located at 19522 Terra Elm, San Antonio, Texas (the "Property"). As stated in the Complaint, Bhavesh P. Shah and Ami B. Shah executed a Deed of Trust dated August 3, 2007, conveying the Property to BANA as security for a promissory note executed the same date in the original principal amount of $111,920.00. The Deed of Trust was recorded in the real property records of Bexar County on August 16, 2007.

On March 26, 2014, the 37th District Court of Bexar County granted a judgment against Shah in favor of Southwest General Hospital, L.P. The Property was seized by the sheriff and sold to Vincere Real Estate, LLC, in satisfaction of the judgment. The Property was then sold to Heritage Partners, L.P., and is currently owned by Chris and Mercedes Vale.

In March of 2020, BANA initiated foreclosure proceedings on the Property, as permitted under its pre-existing Deed of Trust. In April 2020, the foreclosure proceedings ceased temporarily. On September 23, 2021, BANA's foreclosure counsel sent a letter to Shah informing him it had been instructed to resume foreclosure activity "[i]n accordance with applicable laws and regulations, including recent regulation revisions issued by the Consumer Financial Protection Bureau (CFPB)." Shah then received the Notice of Acceleration dated September 29, 2021.

Shah filed suit in Texas state court to stop the foreclosure sale, seeking a Temporary Restraining Order and Temporary Injunction. Shah brings a claim to quiet title and seeks a declaratory judgment that he is not the sole and rightful owner of the Property, that a third-party owns the Property, and that BANA's claim for title to the Property is invalid.

BANA removed this action to this Court. Shah did not move to Remand, and the time for doing so passed. BANA files this Motion to Dismiss For Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) asserting that, assuming all of the facts as alleged in Shah's Complaint are true, he cannot state a claim to quiet title on the Property as a matter of law, and amendment of his Complaint would be futile. Therefore, Shah's case should be dismissed with prejudice. Shah did not respond to the Motion to Dismiss, and the time for doing so passed.

## Legal Standard

When a party fails to respond to a motion, "the court may grant the motion as unopposed." W.D. Tex. Civ. R. 7(e)(2). The Court may apply this terminal Local Rule to dispositive motions. *Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664-DAE, 2015 WL 7076674, at *2 (W.D. Tex. Nov. 12, 2015); *Hernandez v. Deutsche Bank Tr. Co.*, No. EP-12-CV-282-DB, 2012 WL 12887898, at *2 (W.D. Tex. Aug. 21, 2012). However, at its discretion, a Court may

address the motion on the merits "in the interests of thoroughness." *Suarez*, 2015 WL 7076674, at *2.

Under the circumstances of this case, the Court declines to apply Local Rule 7(e)(2), which would allow granting this dispositive motion as unopposed. Instead, the Court will examine the merits of BANA's Motion to Dismiss.

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D. Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he

could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a motion to dismiss under Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d at 324).

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley,* 405 F.2d 496, 496-97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt v. City of Pasadena,* 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff alleged his best case or amendment would be futile. *Foman,* 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## Discussion

BANA seeks to dismiss Shah's case arguing the facts pleaded in the Original Petition demonstrate he cannot establish a plausible cause of action to quiet title because he does not hold any interest in the Property and BANA's claim is valid.

4

1.   **Cause of Action to Quiet Title**

A suit to quiet title is an equitable action used to establish an adverse party's claim to property is invalid, and to remove the cloud caused by the invalid claim from the owner's title. *Vernon v. Perrien,* 390 S.W.3d 47, 61 (Tex. App.-El Paso 2012, pet. denied). The elements of a suit to quiet title are: 1) the plaintiff has an interest in a specific property; 2) title to the property is affected by a claim by the defendant; and 3) the defendant's claim, though facially valid, is invalid or unenforceable. *Id.* The plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief. *Id*.; *Essex Crane Rental Corporation v. Carter,* 371 S.W.3d 366, 387–88 (Tex.App.-Houston [1st Dist.] 2012, pet. denied). The plaintiff must prove, as a matter of law, that he has a right of ownership and the adverse claim is a cloud on the title that equity will remove. *Essex Crane,* 371 S.W.3d at 387–88.

In his Complaint, Shah attests multiple times that the Property was foreclosed upon as a result of a judgment lien and was conveyed to third parties. *See ECF No. 2, Exh. 2*. Shah attests the Property is encumbered by a Deed of Trust securing repayment of a note upon which he previously made monthly mortgage payments. *Id.* at Exhibit F, Affidavit of Plaintiff, par 5.) The basis of Shah's action is that the Property "has already been foreclosed upon and is no longer under his name." *ECF No. 1, par. 9.*

Based upon these sworn admissions in the Complaint, Shah cannot establish a cause to quiet title on the Property as a matter of law. Shah's admissions demonstrate he does not have an interest in the Property, and therefore, he cannot state a claim as a matter of law. *See Essex Crane,* 371 S.W.3d at 387–88. Because Shah does not challenge the validity of the subject Deed of Trust or otherwise assert title superior to that of BANA, he cannot state a claim to quiet title as a matter of law. *Morlock, LLC v. JP Morgan Chase Bank, N.A.*, No. 12-20623, 2013 WL

2422778, at *2 (5th Cir. 2013); *Wagner v. CitiMortgage, Inc.,* 995 F. Supp. 2d 621, 626 (N.D. Tex. 2014).

### 2.  Declaratory Judgment

Based on the same allegations addressed above, Shah seeks a declaratory judgment "that Plaintiff is not the sole and rightful owner of the Property, that a 3rd-party is the sole and rightful owner of the Property and that Defendant's claim against Plaintiff for title to the Property is invalid."

Because Shah failed to state a cause of action against BANA to quiet title to the Property "no basis remains for the declaratory judgment requested in the [Complaint]." *James v. Wells Fargo Bank, N.A.*, CIV.A. H-14-0449, 2014 WL 2123060, at *8-9 (S.D. Tex. May 21, 2014). Accordingly, this Court must dismiss the declaratory judgment claim.

### 3.  Request for Injunctive Relief

Shah seeks injunctive relief "to preserve the status quo, so justice may be done, and not merely for delay, in the form of a Temporary Restraining Order and Temporary Injunction." (Complaint ¶ 12.) To be entitled to a preliminary injunction, the movant must establish a substantial likelihood of success on the merits of his claim. *Tex. Med. Providers v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012). "In the absence of a viable substantive claim, [Plaintiff's] request for injunctive relief is without merit." *Marsh v. JPMorgan Chase Bank, N.A.*, 888 F. Supp. 2d 805, 815 (W.D. Tex. 2012).

Because Shah failed to present any viable causes of action, his request for injunctive relief also must be dismissed with prejudice.

**Conclusion**

Based upon these findings and conclusions, the Court will not provide Shah an opportunity to amend his Complaint. Controlling authority and Shah's allegations reveal he cannot state a claim to quiet title to the Property. Therefore, amendment would be futile.

For the reasons stated, BANA's Motion to Dismiss for Failure to State a Claim is **GRANTED**. All causes of action that are or may be asserted related to the facts supporting this action are **DISMISSED WITH PREJUDICE**. Any pending motions are dismissed as moot. The Clerk of Court is directed to close the case. A separate final judgment will follow.

It is so ORDERED.
SIGNED this 4th day of January, 2022.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE